UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERIBERTO GONZALEZ,<br><br>                           Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                           Respondent. | Case No. 16-CV-144-JPS<br>Criminal Case No. 13-CR-101-1-RTR<br><br><br><br>ORDER |

        The petitioner, Eriberto Gonzalez, filed this petition pursuant to 28 U.S.C. § 2255 on February 8, 2016, seeking to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015). (Docket #1). Since that time, on August 3, 2016, the case has been reassigned to this branch of the Court for disposition.

        Mr. Gonzalez pleaded guilty to the offense of Possession with the Intent to Distribute 500 Grams or More of Cocaine While on Pretrial Release in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 3147(1). (Docket #15). He was sentenced to 96 months imprisonment on November 26, 2013. (Docket #21, #22). Because Mr. Gonzalez had two prior convictions for controlled substance offenses, he qualified for the Career Offender enhancement under U.S.S.G. § 4B1.21.

        A petitioner may avail him or herself of relief under Section 2255 only if he/she can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are

otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

Mr. Gonzalez claims that his sentence is invalid because Judge Randa, when sentencing Mr. Gonzalez for the offense described above, found that he was eligible for an enhanced sentence as a career offender under Section 4B1.1 of the United States Sentencing Guidelines. (Docket #1). That section of the Guidelines provides that a defendant is a career offender if: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of *either* a crime of violence *or* a controlled substance offense. U.S.S.G. § 4B1.1(a). Section 4B1.2(a) defines the term "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2.

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act—which contains identical language to that which is quoted above—was void for vagueness. *See Johnson*, 135 S.Ct. at 2254. Since then, the Supreme Court has clarified that *Johnson* announced a new substantive rule of constitutional law that is retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Whether *Johnson* applies retroactively to cases implicating the Sentencing

Guidelines, however, is currently under review in the Seventh Circuit. *See United States v. Gillespie*, No.15-1686*; United States v. United States v. Hurlburt*, No. 14-3611; *Untied States v. Rollins*, No. 13-1731; *see also United States v. Pawlak*, No. 15-3566 (6th Cir. May 13, 2016) (finding that the residual clause to section 4B1.2(a)(2) of the Sentencing Guidelines is unconstitutionally vague in light of *Johnson*).

Mr. Gonzalez invokes *Johnson* by claiming that his prior offenses fall within the residual clause of the guidelines. (Docket #1). However, Mr. Gonzalez ignores the fact that he was sentenced as a career offender because he had two prior felony convictions for *controlled substance offenses* under 4B1.2(b). In other words, Mr. Gonzalez qualified for a sentence enhancement under the career offender provision in the Sentencing Guidelines, not the ACCA, and his status as a career offender was based on his prior controlled substance offenses, not the residual clause for crimes of violence. And, because *Johnson* invalidated the residual clause of the Armed Career Criminal Act, Mr. Gonzalez is not entitled to relief, and his petition must be dismissed.

However, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Gonzalez must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both

that the "petition states valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists could not reasonably debate Mr. Gonzalez's career-offender status in light of his two previous controlled substance offenses, despite the Supreme Court's holding in *Johnson*. As a consequence, the Court is compelled to deny a certificate of appealability as to the petition.

Finally, the Court closes with some information about the actions that Mr. Gonzalez may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

Page 4 of 5
Case 2:16-cv-00144-JPS    Filed 08/26/16    Page 4 of 5    Document 5

IT IS ORDERED that, the Court having determined that Mr. Gonzalez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 (Docket #1) is not affected by *Johnson*, the motion (*id.*) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice; and

IT IS FURTHER ORDERED that a certificate of appealability be and the same is hereby DENIED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of August, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 5 of 5

Case 2:16-cv-00144-JPS   Filed 08/26/16   Page 5 of 5   Document 5